**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| JEREMY LYON,<br><br>    Plaintiff,<br><br>      v.<br><br>ASSOCIATED BAPTIST PRESS, INC.<br>d/b/a BAPTIST NEWS GLOBAL,<br><br>    Defendant. | Case No. 1:25-cv-07329-MLB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, Plaintiff Jeremy Lyon and Defendant Associated Baptist Press, Inc. b/b/a Baptist News Global hereby submit this Joint Preliminary Report and Discovery Plan as follows:

**1.      Description of Case:**

*(a)      Describe briefly the nature of this action.*

This is a suit seeking damages for alleged defamation per se filed by Plaintiff Jeremy Lyon ("Plaintiff") against Defendant Associated Baptist Press, Inc. d/b/a Baptist News Global ("Defendant").

*(b)      Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence:*

For Plaintiff:

Defendant is a Baptist-focused news organization that has published numerous articles about Truett McConnell University ("TMU"), a Baptist college located in Cleveland, Georgia. TMU was involved in a public scandal in mid-2025 involving allegations by a former student that she was groomed and sexually abused by former TMU Vice President Bradley Reynolds ("Reynolds"). Reynolds was indicted in December 2025. Defendant's Georgia reporter wrote—and Defendant published—numerous articles about the scandal and the alleged cover-up by TMU.

Plaintiff was a biblical scholar and professor at TMU who had no involvement in the Reynolds scandal. But in June 2025, Defendant published on its website and its X (formerly Twitter) page two articles about Reynolds in which it also accused Plaintiff of being part of the Reynolds sexual abuse scandal. Defendant published that a law firm had conveyed accusations in a complaint based on a story from an anonymous "Jane Doe" alleging sexual assault by Plaintiff. But there was no law firm complaint, the source of the accusations is unclear, and Defendant consciously failed to obtain information that would have disproved the accusations, such as by speaking to Plaintiff or to appropriate individuals at TMU. None of the mainstream media who published stories about the Reynolds scandal included any reference to Plaintiff.

2

Plaintiff denies the accusations made by Defendant. He requested a retraction, but Defendant refused.

The false accusations have been viewed by many of Plaintiff's colleagues and have cost him jobs and job opportunities in his field of Biblical studies. Plaintiff has suffered immense mental and emotional distress as a result of being shunned by his community and forced to take a menial job to make ends meet while he is unable to obtain a job in the field in which he trained and taught for many years.

For Defendant:

In May 2025, allegations of sexual abuse and misconduct involving administration and faculty at Truett McConnell University ("TMU") in Georgia drew widespread media coverage and public concern. Baptist News Global published two online news articles in June 2025 that accurately reported on a letter prepared by attorney Marcia Shein and her law firm that had been sent to Truett McConnell trustees, the Georgia Baptist Mission Board, Governor Brian Kemp, and a state representative. The articles accurately described the contents of the law firm letter, including that a former student referred to as Jane Doe ("Doe") made allegations regarding an encounter she described with Plaintiff Dr. Jeremy Lyon ("Dr. Lyon"), a professor of Biblical Studies at TMU, in the campus gym in October 2021 and that TMU's Title IX Coordinator informed Doe via email that video

3

footage validated her allegations of unacceptable conduct by Dr. Lyon. Plaintiff Dr. Lyon subsequently filed this defamation lawsuit.

### (c)  The legal issues to be tried are as follows:

<u>For Plaintiff</u>:

(1)    Whether Defendant made unprivileged false and defamatory statements of and concerning Plaintiff;

(2)    Whether Defendant's statements were published negligently and/or with actual malice;

(3)    Whether Defendant's statements are defamatory per se;

(4)    Whether Plaintiff is entitled to actual and/or presumed compensatory damages;

(5)    Whether Defendant's conduct entitles Plaintiff to an award of punitive damages; and

(6)    Whether Defendant's conduct entitles Plaintiff to an award of attorneys' fees and expenses of litigation.

<u>For Defendant</u>:

(1) Whether Defendant made unprivileged false and defamatory statements of and concerning Plaintiff;

(2) Whether Defendant published any false and defamatory statements of and concerning Plaintiff negligently and/or with actual malice;

(3) Whether any such statements by Defendant are defamatory per se;

(4) Whether Plaintiff is a limited purpose public figure for purposes of this lawsuit;

(5) Whether Plaintiff is entitled to actual compensatory damages;

(6) Whether Plaintiff is entitled to an award of punitive damages;

(7) Whether Plaintiff is entitled to attorneys' fees and expenses of litigation.

*(d)* ***The cases listed below (include both style and action number) are:***

*(1)* ***Pending Related Cases:***

None.

*(2)* ***Previously Adjudicated Related Cases:***

None.

2. **This case is complex because it possesses one or more of the features listed below (please check):**

For Plaintiff: Plaintiff does not believe this case is complex.

For Defendant: Subject to the Court's ruling on the pending Motion to Dismiss, Defendant believes that this case does include the following factors, which would make the case complex:

5

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
___X__ (3) Factual issues are exceptionally complex
___X__ (4) Greater than normal volume of evidence
___X_ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored
          information


**3.**    **Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the Parties*:

For Plaintiff:

    Nicole Jennings Wade
    Georgia Bar No. 390922
    nwade@wgwlawfirm.com
    Wade, Grunberg & Wilson, LLC
    3100 Cumberland Blvd. SE, Suite 1130
    Atlanta, GA 30339
    Tel: (404) 600-1153

For Defendant:

    Paul C. Watler (*pro hac vice*)
    pwatler@jw.com
    Jackson Walker LLP
    2323 Ross Avenue, suite 600
    Dallas, TX 75204
    Telephone: (214) 953-6000

6

**4.    Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

<u>X   </u> Yes          <u>     </u> No

Defendant has filed a motion to dismiss for lack of personal jurisdiction.

Plaintiff contends diversity jurisdiction is proper and plans to oppose Defendant's motion.

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.    Parties to This Action:**

*(a)    The following persons are necessary parties who have not been joined:*

None.

*(b)    The following persons are improperly joined as parties:*

None.

*(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None.

*(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

6. **Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a)* *List separately any amendments to the pleadings which the parties anticipate will be necessary:*

While reserving the right to amend, including to conform to the evidence, the Parties do not anticipate any amendments to the pleadings at this time. Any party wishing to amend will seek leave to amend under Fed. R. Civ. P. 15.

*(b)* *Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

7. **Filing Times For Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

(a) *Motions to Compel:* **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

(b) *Summary Judgment Motions:* **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c) **_Other Limited Motions:_ Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) **_Motions Objecting to Expert Testimony:_ <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

8.    **Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

<u>For Plaintiff</u>:  Plaintiff does not object to timely serving initial disclosures.

For <u>Defendant</u>: Defendant does not object to serving initial disclosures fourteen (14) days after any Court order denying the Defendant's pending Motion to Dismiss.

9.    **Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.*

The Parties do not request a scheduling conference at this time.

10.    **Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of*

9

*cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

For Plaintiff:

    (1)    Circumstances surrounding investigation and publication of the Articles containing the defamatory statements;

    (2)    Circumstances surrounding falsity of the defamatory statements;

    (3)    Nature of and extent of damages resulting from publication of the defamatory statements; and

    (4)    Circumstances establishing actual malice, including previous reporting regarding TMU or similarly situated colleges, Defendant's sources of revenue, and other matters establishing bias or malice.

For Defendant:

    (1)    Circumstances surrounding Dr. Lyon's interaction(s) with Doe or other TMU students, faculty, or staff that similarly allege misconduct by Dr. Lyon;

    (2)    Circumstances surrounding TMU's investigation, response and handling of allegations or complaints of misconduct by Dr. Lyon

and other faculty or administrators reported by Baptist News Global and other media and online outlets.

(3)    Circumstances surrounding Dr. Lyon's employment and termination at TMU;

(4)    Circumstances surrounding Dr. Lyon's employment and termination at other institutions or by other employers; and

(5)    Nature and extent of damages resulting from publication of the defamatory statements.

*If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The Parties do not anticipate additional time beyond the normal four-month discovery period will be necessary in this case.

11.    **Discovery Limitation and Discovery of Electronically Stored Information**:

(a)    *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

None at this time.

(b)    *Is any party seeking discovery of electronically stored information?*

X     Yes             No

11

*If "yes,"*

*(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

The Parties have not agreed to limit the scope of discovery at this time. The Parties agree that the scope of discovery will be limited generally because of the limited nature of the alleged defamatory statements and that the time frame will be limited for the most part to 2025 when the sexual abuse scandal at TMU was made known to Defendant. Both Parties expect to produce ESI primarily in the form of emails or other electronic documents.

*(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

The Parties have agreed that ESI should, where possible, be produced in PDF or TIFF format, except videos and photographs, and that productions will be made by document and not single page unless corresponding load files are produced. If load files are not produced, any Party may make a reasonable request to receive any document in its native format and/or for metadata and, upon receipt of such a

request, the producing Party shall produce the document in its native format if reasonably practicable, with all associated metadata.

The Parties further agree that document productions will be made electronically, via secure file transfer by email or, if necessary, via external storage device. For any electronic evidence which requires a proprietary or specialized software to view or play (e.g., video evidence), the Parties agree to produce a copy of that software.

***In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.***

12.    **Other Orders:**

***What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?***

The parties anticipate filing a consent motion requesting that the Court enter a Confidentiality Order governing the handling of confidential information, including to protect any sensitive financial information, or other information confidential by statute or case law.

Defendant also anticipates seeking a Confidentiality Order governing the handling of confidential information to protect matters of personal privacy.

13

**13.**   **Privileged or Protected Material:**

*Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?*

_____ Yes          _____ No

For Plaintiff: No, Plaintiff does not anticipate any such issues.

For Defendant: No, Defendant does not anticipate any such issues.

*If "yes,"*

*The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:*

_____

_____

**14.**   **Settlement Potential:**

(a)   *Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on* March 3, 2026, *and* March 10, 2026, *and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

For Plaintiff: *Lead counsel (signature)* /s/ Nicole Jennings Wade

  *Other participants*: None

For Defendant: *Lead counsel (signature)* /s/ Paul C. Watler

  *Other participants*: Abigail A. Lahvis

14

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) **Counsel** (_X_) **do** or (_____) *do   not* **intend   to   hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:**

Following resolution of Defendant's pending motion to dismiss.

(d) **The following specific problems have created a hindrance to settlement of this case:**

Lack of discovery regarding underlying facts.

15. **Trial by Magistrate Judge:**

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

(a) **The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20__.**

(b) The parties (_X_) do not consent to having this case tried before a

magistrate judge of this Court.

Respectfully and jointly submitted on March 16, 2026.

15

| | |
|---|---|
| **WADE, GRUNBERG & WILSON, LLC** | **JACKSON WALKER LLP** |

*/s/ Nicole Jennings Wade*
Nicole Jennings Wade
Georgia Bar No. 390922
nwade@wgwlawfirm.com
Jonathan D. Grunberg
Georgia Bar No. 869318
jgrunberg@wgwlawfirm.com
G. Taylor Wilson
Georgia Bar No. 460781
twilson@wgwlawfirm.com

3100 Cumberland Blvd. SE, Suite 1130
Atlanta, Georgia 30339
404-600-1153
470-970-4303 (fax)

*Counsel for Plaintiff Jeremy Lyon*

*/s/ Paul C. Watler (with express permission)*
Paul C. Walker (*admitted pro hac vice*)
Minoo S. Blaesche (*admitted pro hac vice*)
Abigail A. Lahvis (*admitted pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, Texas 75204
214-953-6000
214-953-5822 (fax)
pwalter@jw.com
mblaesche@jw.com
alahvis@jw.com

**CANFIELD LAW LLC**
Peter C. Canfield
Georgia Bar No. 107748
pccanfield@gmail.com
34 Inman Circle NE
Atlanta, Georgia 30309
678-296-5413

*Counsel for Defendant Associated Baptist Press, Inc. d/b/a Baptist News Global*

......................................................................................

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and

Discovery Plan form completed and filed by the parties, the Court orders that the

time limits for adding parties, amending the pleadings, filing motions, completing

discovery, and discussing settlement are as set out in the Federal Rules of Civil

Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2026.