**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Jeremy Lyon,

Plaintiff,

v. Case No. 1:25-cv-7329-MLB

Associated Baptist Press, Inc.,

Defendant.

______________________________/

**OPINION & ORDER**

Defendant Jeremy Lyon sues Defendant Associated Baptist Press, claiming one of Defendant's reporters wrote articles that defamed him. (Dkt. 1.) Defendant moves to dismiss, for oral argument, and for judicial notice of authority. (Dkts. 17, 18, 25.) As to dismissal, Defendant principally says the Court lacks personal jurisdiction over it because Georgia's long-arm statute provides no basis for jurisdiction. (Dkt. 17-1 at 13–23.)

Courts may dismiss actions for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff has the "initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).[1] If, as here, a defendant submits no evidence challenging a plaintiff's jurisdictional allegations, "[t]he district court must construe the allegations in the complaint as true." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Personal jurisdiction comes in two types: general personal jurisdiction and specific personal jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General personal jurisdiction reaches all potential claims against the defendant regardless of any connection between the claims and the state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Corporate entities (like Defendant) are subject to general personal jurisdiction where they are "at home"—that is, an entity's "place of incorporation and principal place of business." *Id.* at 359. Defendant is not incorporated in Georgia

---

[1] The Court acknowledges it has "discretion on how to proceed" with Defendant's Rule 12(b)(2) motion to dismiss. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). Because no one requests an evidentiary hearing and the Court finds it unnecessary at this time, the Court assesses the motion "under [the above] prima facie standard without an evidentiary hearing." *N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025).

and has no principal place of business in Georgia. (*See* Dkts. 1 ¶ 2; 17-1 at 7.)[2] So only specific personal jurisdiction could apply. Specific personal jurisdiction over a non-resident defendant exists if consistent with due process and appropriate under Georgia's long-arm statute. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).

Plaintiff says subsection one of Georgia's long-arm statute applies. (Dkts. 1 ¶ 7; 22 at 14–19.)[3] That provision says a court may exercise personal jurisdiction over a nonresident who (among other things) "[t]ransacts any business" in Georgia. O.C.G.A. § 9-10-91(1). This

---

[2] The Court also may have general personal jurisdiction over a corporate defendant by consent via a corporation's registration to do business in a state like Georgia. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023). But Plaintiff says Defendant "is not registered to do business in Georgia" and does not pursue the issue. (Dkt. 22 at 14 n.6.)

[3] Plaintiff also argues subsection three of the long-arm statute provides jurisdiction. (Dkt. 22 at 18–19.) He relies largely on the same argument he makes under the "transacts any business" prong. (*See id.* at 19 ("[Defendant] engages in a persistent course of conduct in Georgia by maintaining an employee in Georgia over the course of at least six years, who regularly reports on Georgia events and who wrote the defamatory Articles.").) For purposes of this Order, the Court only discusses the "transacts any business" prong because both theories turn on the idea that Westbury—supposedly a Georgia resident—took certain actions in Georgia.

provision extends jurisdiction to the limits of due process under the Fourteenth Amendment. *Stubblefield v. Stubblefield*, 769 S.E.2d 78, 81 (Ga. 2015) ("Unlike paragraph 3 of our Long Arm Statute, paragraph 1 grants Georgia courts unlimited authority to exercise jurisdiction over a nonresident who transacts *any* business in this state. Of course, that authority cannot extend beyond the maximum extent permitted by procedural due process." (in-text citation omitted)). Transacting business in Georgia means a nonresident defendant purposefully did some act or consummated some transaction in Georgia, even if the defendant never physically set foot in Georgia. *See Diamond Crystal*, 593 F.3d at 1260, 1264.

In moving to dismiss, Defendant says Plaintiff "provides only conclusory assertions that Defendant transacted business in Georgia," including his allegations that Defendant "directed" its defamation into Georgia; that Defendant's Chairman Larry Brumley resides in Georgia, that Defendant employed author Joe Westbury who "resides" in Georgia, and that Westbury relied on sources in Georgia to write a defamatory article that "focused on events occurring" at a school in Georgia. (Dkt.

17-1 at 15–19.)[4] Plaintiff persuasively responds that "[h]aving at least one employee in the state of Georgia is transacting business." (Dkt. 22

---

[4] Defendant, citing several district court decisions, insists the Court cannot exercise jurisdiction under subsection one because courts "interpret the [defamation] exclusion [under subsection two of the long-arm statute] broadly and treat defamation-only allegations as insufficient to establish jurisdiction under Subsection (1)." (Dkt. 17-1 at 18–19.) So, Defendant reasons, "even if [Plaintiff] had alleged that Westbury investigated the story and prepared and drafted the [a]rticles in Georgia, these alleged defamatory acts would not suffice because they relate solely to the defamation claim." (*Id.* at 19.)

The Court rejects this argument. Defendant has not produced (nor has the Court independently found) any binding decisions accepting Defendant's construction. And tracing the assertions in the cited cases shows this argument has no support. In *Ransom v. Cail*, 2019 WL 7116104 (M.D. Ga. Dec. 23, 2019)—Defendant's principal case—the court discussed subsection two of the long-arm statute and explained "[t]he Georgia legislature has determined that the commission of acts solely related and giving rise to a defamation claim do not fall within the Georgia long-arm statute." *Id.* at *2. From this, some cases have cited this language to preclude jurisdiction under even subsection one. *See, e.g.*, *Kifle v. TikTok, Inc.*, 2025 WL 3516773, at *6 (N.D. Ga. June 9, 2025). But *Ransom* had no need to decide whether subsection two affects subsection one because the plaintiff "d[id] not allege that they transacted business in Georgia." 2019 WL 7116104, at *1. Indeed, a close look at the *Ransom* plaintiff's threadbare complaint and the underlying briefing confirm the parties never even made an argument under the first subsection. *See Ransom v. Cail*, 4:19-cv-139-CDL (M.D. Ga. 2019), (Dkts. 1, 7, 8.) Because the key case announcing the principle had no opportunity to address the argument, the Court readily concludes this dictum has no persuasive weight, especially in the light of the plain text of the statute. The Court thus rejects Defendant's argument and finds subsection two's limitation has no effect on subsection one's reach.

at 15, 16 ("[Defendant] has had at least one employee living and working in Georgia and reporting on events in Georgia for many years.").) Expanding his complaint allegation that Westbury used Georgia sources to write an article about a school in Georgia, Plaintiff also infers that "[t]here must be communications and payments between [Defendant] and its long-time Georgia employee." (*Id.* at 17.) In reply, Defendant insists Westbury's in-state actions do not amount to transacting business in Georgia. (*See* Dkt. 24 at 6–7.)

The parties apparently believe the issue of whether Defendants transacted business in Georgia depends on Westbury's actions in Georgia. But they overlook one detail. Plaintiff alleges Westbury *resides* in Georgia. (Dkt. 1 ¶ 10.) He alleges this fact in the present tense, plausibly alleging Westbury's current residence—months after the defamation claim accrued. That complaint allegation does not plausibly allege his presence in Georgia at the time of the alleged defamation. *See Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 66 (1st Cir. 2002) ("[F]or purposes of specific jurisdiction, contacts should be judged when the cause of action arose, regardless of a later lessening or withdrawal."); *Steel v. United States*,

813 F.2d 1545, 1549 (9th Cir. 1987) ("[C]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction."). And Plaintiff cannot expand his complaint allegation through an allegation in his brief that Westbury was a "long-time Georgia employee." (Dkt. 22 at 17.) That expansion is not a reasonable inference from the complaint. Similarly, Westbury's receipt of funds, work duties, or other business-related contacts in Georgia (facts Plaintiff infers from Westbury's residence in Georgia) when Plaintiff filed the complaint do not necessarily "relate to" his business-related contacts when the defamation occurred. *See Frida Kahlo Corp. v. Pinedo*, 172 F.4th 1316, 1323 (11th Cir. 2026) (A plaintiff's claims must "arise out of or relate to at least one of the defendant's contacts with the forum."); (Dkt. 22 at 19 ("The cause of action arises from [Defendant's] Georgia contacts, *i.e.*, [its] Georgia employee investigating and writing defamatory Articles published by [Defendant].")). Neither party has engaged in this temporal analysis or explained why allegations of the author's current ties to Georgia establish the transaction of business at the relevant time.

The Court will not assume current residence means past residence and **ORDERS** Plaintiff to amend his complaint **no later than 14 days from the date of this Order** solely to clarify these personal jurisdiction issues. Failure to do so timely and in accordance with these instructions may result in sanctions. In the light of this conclusion, the Court **DENIES AS MOOT** the motion to dismiss, motion for hearing, and motion for judicial notice. (Dkts. 17, 18, 25.) Unless (and until) the Court is satisfied it has personal jurisdiction, the Court will not entertain Defendant's arguments about the merits of the claims. *Declan Flight, Inc. v. Textron Eaviation, Inc.*, 177 F.4th 1110, 1133 (11th Cir. 2026) ("We must assure ourselves of our [personal] jurisdiction before reaching the merits of a case[.]").

**SO ORDERED** this 10th day of September, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE